UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02cr0021 AS |
| | ) | No. 3:06cv0510 AS |
| WILLIAM EILAND, JR. | ) | |

*MEMORANDUM AND ORDER*

This court takes note of the record in United States v. William Eiland Jr., 3:02cr0021.

The position taken by the United States Attorney in the response filed on December 22, 2006 was that the statute of limitations relevant to the filing of petitions under 28 U.S.C. §2255 had expired. The basic sequence of events relevant here was a conviction of this defendant Eiland on both counts of the indictment by a jury in this court in South Bend, Indiana on July 30, 2002. This court sentenced this defendant on December 5, 2002, and his counsel filed a timely notice of appeal on December 9, 2002. On July 24, 2003, the United States Court of Appeals for the Seventh Circuit affirmed the aforesaid judgment and conviction. No petition for certiorari to the Supreme Court of the United States was filed.

To the extent it may be in any way helpful, this pro se defendant is given the benefit of *Houston v. Lack,* 487 U.S. 266 (1988). It does not appear to be of any benefit to him here. This court is familiar with *Clay v. United States*, 537 U.S. 522 (2003). This defendant's conviction became final on October 22, 2003 which required this defendant to file his petition under §2255 no later than October 22, 2004. However, that petition was not filed until at least August 16, 2006.

The constitutional issue which apparently this petitioner attempts to raise with regard

to the constitutionality of 21 U.S.C. §841(a)(1) was decided adversely to him by the Supreme

Court of the United States in *Gonzales v. Raich*, 545 U.S. 1 (2005).  With all deference, this

court is familiar with the line of cases dealing with the commerce clause in the Constitution

of the United States under *Gibbons v. Ogden*, 9 Wheat 1 (1824) and its progeny.  This court

is particularly acquainted with *United States v. Lopez*, 514 U.S. 549 (1995), but  to state it

simply, that case does not enure to the benefit of this defendant here.

The defendant must be complimented upon his extensive research into the evolution

of the Supreme Court's approach to issues under the commerce clause, but the authorities he

has cited simply do not benefit him in the procedural and factual context of this case.

Therefore, the motion for relief under 28 U.S.C. §2255 is now carefully considered

and **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  January 4, 2007

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
